### HEATH *v.* RICKER & al.

By *Stat.* 1821, ch. 128, sec. 9, the right to *sell* beasts taken damage feasant, is given only in cases where the injury was done to lands " inclosed with a legal and sufficient fence."

*Trespass, for taking and carrying* away the plaintiff's sheep. This cause coming again before the Court, [*vide ante page 72*] it was agreed, in a case stated by the parties, that they were owners of adjoining closes, between which there was a fence, but not a legal and sufficient fence;—that there never was any legal division of the fence, nor any agreement, nor usage, nor prescription, as to the portions of it to be repaired by the parties respectively; that in this situation of the fence the sheep escaped into the close of the defendant *Ricker,* who took them damage feasant, impounded, and afterwards caused them to be sold according to the forms of law, and legally disposed of the surplus money arising from the sale. Hereupon the question was—whether this action could be maintained?

*Goodenow*, for the defendants, being called upon by the Court, contended that the plaintiff was bound to keep his sheep on his own close, at his peril; and cited *Low v. Rust*, 6 *Mass*. 90. The statute provides what shall constitute a legal and sufficient fence; and what shall be done when no such fence exists. The owners of adjoining closes may avail themselves of these provisions if they will. If not, they tacitly elect to abide by the common law, which obliges each to look after his own beasts, at his own peril.

*Shepley*, for the plaintiff. The parties in this case having never exercised the rights given them by the statute to compel each other to make a legal and sufficient fence, it is conceded that the question stands upon the common law. But by the common law the defendant had only the right to *impound*; not to *sell*;—and having sold the plaintiff's sheep, he is a trespasser *ab initio*. *Melody v. Reab*, 4 *Mass*. 471.

The cause having been continued for advisement, the opinion of the Court was delivered at the succeeding term at *Alfred*, as drawn up by

WESTON J. In the case of *Rust v. Low & al.* cited in the argument, it is stated by *Parsons C. J.* in delivering the opinion of the Court, that "at common law the tenant of a close was " not obliged to fence against an adjoining close, unless by " force of prescription; but he was at his peril to keep his cat- " tle on his own close, and to prevent them from escaping. " And if they escaped they might be taken, on whatever land " they were found damage feasant, or the owner was liable to " an action of trespass by the party injured." And in another part of the same opinion, he adds, " Every person may distrain " cattle doing damage on his close, or maintain trespass against " the owner of the cattle, unless the owner can protect himself " by the provisions of the statute."

It would seem from the authority of this case, that the defendants were justified in distraining the sheep and lambs damage feasant, although the field of *Ricker*, and of the defendants, where the damage was done, was not inclosed with a legal and sufficient fence.

At common law, goods distrained were only in the nature of a pledge to compel satisfaction; and although the remedy by distress has been greatly enlarged and improved by statute in *England,* yet the common law, unless recently altered, still remains unchanged there, with regard to beasts taken damage feasant. This kind of distress at common law, if the owner continued obstinate, did not produce satisfaction to the party injured. He had no right to sell the distress, and thus reimburse himself for the damage he had sustained. He was not permitted even to work or use a distrained beast. *Cro. Jac.* 148. And if he proceeded irregularly, he was deemed a trespasser *ab initio.* The sale of the sheep and lambs distrained in this case not being warranted at common law, the defendants must fail in their justification, unless they bring themselves within the provisions of *Stat.* 1821. *ch.* 128. By the sixth section, the party injured is authorized to impound cattle doing damage on his lands, "that are inclosed with a legal and sufficient fence." By the ninth section, power is given under certain limitations and restrictions to sell the beasts taken and impounded by virtue of that act. *Ricker's* land not being inclosed with a legal and sufficient fence, the beasts seized by him and the other defendant were not taken by virtue of that act, and could not be sold under it. Their justification therefore failing both under the statute and at common law, according to the agreement of the parties, the defendants must be defaulted.